**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| DAVID DEWAYNE REECE, § § | |
| Plaintiff, § § | CIVIL ACTION NO. 5:20-CV-00144-RWS |
| v. § § | |
| DIRECTOR, TDCJ-CID, § § § | |
| Defendant. § | |

## ORDER

Petitioner David Dewayne Reece, an inmate confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Reece challenges his conviction and sentence in cause number 10F0086-202 before the 202nd Judicial District Court for Bowie County, Texas, on August 2, 2010. The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends dismissal of the petition based on Reece's failure to obtain the necessary authorization from the Fifth Circuit before filing a successive petition.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* Fed. R. Civ. P. 72(b).

After careful consideration, the Court concludes that Reece's objections should be overruled. Reece argues that his current petition is based on newly discovered evidence not available at the time he presented his previous federal petition. However, Reece's claims of newly discovered evidence in this petition rely on information contained in the autopsy report. Information contained in the autopsy report could have been discovered with reasonable due diligence prior to the time of his conviction in 2010 or before his first petition for writ of habeas corpus in 2016. Accordingly, this petition is successive, requiring prior authorization by the Fifth Circuit. *See In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (explaining that a petition is successive when the claims raised "were or could have been raised in [the] first § 2254 application.").[1]

Additionally, Reece argues that the previous petition attacked only his sentence and not his conviction. However, a review of the previous federal petition reveals that Reece is incorrect. In his previous federal petition, Reece challenged his conviction and sentence by raising the following four grounds: (1) the enhancement of his sentence was improper for the punishment range; (2) a prior conviction was invalid for enhancement purposes; (3) his prior conviction was based on an involuntary plea of guilty; and (4) he was denied the effective assistance of counsel in cause number 10F0086-202A because counsel was unprepared for trial and refused to file any motions. *See Reece v. Director*, Civil Action No. 5:16cv81 (E.D. Tex. 2016). Clearly, Reece challenged his conviction in his prior petition.

---

[1] To the extent petitioner's filing may be interpreted as an attempt to disguise this petition for writ of habeas corpus as a Rule 60(b) motion, it is without merit. Because the petition advances one or more new claims, this petition is a successive petition which can only be brought if a court of appeals first certifies it meets the requirements of § 2244(b)(2). *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005).

Section § 2244(b)(3)(A) requires that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Reece has neither alleged nor demonstrated that he received the required authorization from the Fifth Circuit prior to filing this petition. Accordingly, Reece's petition should be dismissed.

Finally, in the alternative, as Reece's claims are based on the autopsy report, they are barred by the applicable one-year statute of limitations. As set forth above, Reece's claims are based on the autopsy report of the victim in this case which could have been discovered before his conviction in 2010 with reasonable due diligence. Therefore, this petition, filed almost ten years later, is barred by limitations.

Reece is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the

penalty may be considered in making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, Reece has not shown that any of the issues raised by his claims are subject to debate among jurists of reason.  Reece advances factual and legal questions that are not novel and that have been consistently resolved adversely to his position.  In addition, the questions presented are not worthy of encouragement to proceed further.  Therefore, Reece has failed to make a sufficient showing to merit the issuance of a certificate of appealability.  Accordingly, a certificate of appealability shall not be issued.

The Court hereby **OVERRULES** Reece's objections and **ADOPTS** the Report and Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court.  Accordingly, it is

**ORDERED** that the above-styled petition for writ of habeas corpus is **DISMISSED**.

**So ORDERED and SIGNED this 11th day of December, 2020.**

*[signature]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE